UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ANTHONY WILLIAMS,

                Plaintiff,

    v.

DR. RYAN QUIRK, *et al.*,

                Defendants.

CASE NO. C25-5082-JHC-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff, who is currently confined at Clallam Bay Corrections Center ("CBCC") in Clallam Bay, Washington, submitted his complaint to the Court for filing in February 2025, together with an application to proceed with this action *in forma pauperis* ("IFP"). *See* Dkt. 1. Plaintiff alleged in his complaint that Washington Department of Corrections ("DOC") officials and CBCC staff members had violated his rights under the Eighth and Fourteenth Amendments. *See* Dkt. 5-1.

Because of deficiencies in both Plaintiff's IFP application and his complaint, this Court declined to rule on the IFP application or to order that the complaint be served on Defendants. *See* Dkt. 6. Plaintiff was, however, granted leave to supplement his IFP application and to file an

REPORT AND RECOMMENDATION - 1

amended complaint correcting the specified deficiencies. *See id*. Plaintiff has done neither and the time allotted Plaintiff to correct the deficiencies in his original submissions has now passed. Accordingly, as discussed below, this Court recommends the instant action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).

## II. DISCUSSION

Plaintiff identified three claims for relief in his complaint. Plaintiff alleged in the first count of his complaint that his Eighth Amendment right to be free from cruel and unusual punishment was violated when Defendants failed to comply with the DOC's Disruptive Hygiene Behavior Response Protocol ("the Protocol") in responding to Plaintiff's behavioral issues, specifically his continuous smearing of feces in his cell at CBCC. *See* Dkt. 5-1 at 14-30. Plaintiff claimed that Defendants' alleged failure to comply with the Protocol resulted in him being denied numerous meals, losing a significant amount of weight, and spending an excessive amount of time in contaminated cells. *See id.*

Plaintiff alleged in the second count of his complaint that his Eighth Amendment rights were violated by the medical negligence of various doctors who either directed the cancellation of the individual behavior management plan ("IBMP") established to address Plaintiff's behavioral problems or failed to re-establish an adequate IBMP following the cancellation of prior plans. *See* Dkt. 5-1 at 31-49. Plaintiff claimed it was the cancellation of the IBMP that caused his feces smearing to increase to the point that CBCC staff began using it "as a pretext" to refuse him meals. *See id.*

Plaintiff alleged in the third count of his complaint that his Fourteenth Amendment rights to due process and equal protection, and his Eighth Amendment right to be free from cruel and unusual punishment were violated by the way in which his accumulated property was handled by

the DOC and by DOC policies regarding the transfer of inmate property. Dkt. 5-1 at 50-61. Plaintiff asserted that upon his transfer to CBCC, only five of his 29 boxes of property were transferred there, and the missing boxes contain documents needed to prosecute this action. He also complained that the DOC charges $10 per box to transfer property, that it unreasonably limits the weight of such boxes, and that it intentionally transfers inmates to different institutions in order to make a profit from transferring inmate property.

Plaintiff identified the following Defendants in his complaint: Dr. Ryan Quirk, DOC Chief of Forensic Psychology; Dr. C. Lyster, CBCC psychiatrist; Dr. Raichel, CBCC psych associate; Dr. Rainey-Gibson, DOC Director of Mental Health Services; CBCC Sergeants Johnson, Damane, and Hoyt; CBCC Custody Unit Supervisors Bannon and Deese; former DOC Secretary Cheryl Strange; and "numerous John and Jane Doe prison guards." *See* Dkt. 5-1 at 4-8. Plaintiff requested injunctive relief and damages. *Id*. at 62.

After reviewing Plaintiff's submissions, this Court concluded that Plaintiff had neither demonstrated that he qualified to proceed with this action IFP, nor had he stated a viable claim for relief. Thus, on March 21, 2025, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to supplement his IFP application and to file an amended complaint correcting specified deficiencies. *See* Dkt. 6.

With respect to Plaintiff's IFP application, the Court explained that Plaintiff, having had three or more prior cases dismissed for failure to state a claim upon which relief may be granted, was precluded from proceeding with this action IFP absent a plausible allegation that he faced imminent danger of serious physical injury at the time he filed this action. *See* Dkt. 6 at 7-8 (citing 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). The Court further explained that Plaintiff had not made any specific allegation of imminent danger in

his materials and that the allegations in his complaint did not give rise to a plausible inference of imminent danger. *Id.* at 8-9. The Court therefore declined to grant Plaintiff leave to proceed IFP but provided him an opportunity to supplement the allegations in his complaint with documentation substantiating the inference of imminent danger contained therein. *Id*. at 9.

With respect to Plaintiff's complaint, the Court first noted that Plaintiff's pleading did not comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure because it did not contain a short and plaintiff statement of his claim but instead contained confusing and occasionally contradictory descriptions of his claims. Dkt. 6 at 11. The Court also noted that Plaintiff's pleading provided unnecessary details regarding his efforts to exhaust his claim, as well as justifications for the behaviors that gave rise to his claims, while providing few supporting facts connecting specific Defendants to specific allegations of harm. *Id*.

With respect to Plaintiff's Eighth Amendment cruel and unusual punishment claims, the Court explained that his allegations were too vague and conclusory to implicate any of the named Defendants in the violation of his constitutional rights. *See* Dkt. 6 at 11-13. The Court further explained, with respect to Plaintiff's Eighth Amendment inadequate medical care claim, that his allegations, at most, amounted to a difference of opinion between him and his providers as to the type of mental health care he should be receiving, which was insufficient to state a violation of his Eighth Amendment rights. *Id.* at 13-14. With respect to Plaintiff's Fourteenth Amendment equal protection claim, the Court explained that he had alleged no facts demonstrating that he was a member of a protected class for equal protection purposes. *Id.* at 14-15. Finally, with respect to Plaintiff's Fourteenth Amendment access to courts claim, the Court explained that he had alleged no facts demonstrating that he suffered any injury to his right of access related to his missing boxes of property. *Id.* at 15-16.

Plaintiff was granted thirty days to supplement his IFP application and to file an amended complaint correcting the noted deficiencies.  Dkt. 6.  Plaintiff was advised that if he failed to adequately supplement his IFP application, the Court would recommend the application be denied and he be required to pay the filing fee before proceeding with this action.  *Id.* at 16. Plaintiff was further advised that if he failed to timely amend his complaint and correct the identified deficiencies, the Court would recommend this action be dismissed pursuant to 28 U.S.C. § 1915A(b), regardless of whether Plaintiff was able to satisfy the Court that he qualified to proceed IFP.  *Id.*

To date, Plaintiff has not supplemented his IFP application, nor has he filed an amended complaint.  Because Plaintiff has not demonstrated that he qualifies to proceed with this action IFP and because, in any event, he has not presented the Court with a pleading which states a viable claim for relief, this action must be dismissed.

### III. CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint (Dkt. 5-1) and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).  The Court further recommends that Plaintiff's application to proceed IFP (Dkt. 5) be denied as moot.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be

filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 3, 2025**.

DATED this 13th day of May, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6