1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

JAMES ANTHONY WILLIAMS,

9

Plaintiff,

Case No. C25-5082-JHC

10

v.

11

DR. RYAN QUIRK, *et al.*,

ORDER DISMISSING ACTION

12

Defendants.

13

14

The Court, having reviewed Plaintiff's complaint, the Report and Recommendation

15

(R&R) of the Honorable S. Kate Vaughan, United States Magistrate Judge, and the remaining

16

record, hereby ORDERS:

17

(1)     The R&R is approved and adopted.  Plaintiff did not file an objection to the R&R.

18

But on May 9, 2025, before the R&R was filed, Plaintiff filed a motion at Dkt. # 7, providing

19

reasons for why he was unable to file an amended complaint by the April 21, 2025 deadline set

20

in Judge Vaughan's order at Dkt. # 6.  Plaintiff's motion—which is filed without a declaration—

21

says that he wrote an amended complaint and "tried to send a kite to the law-librarian to come

22

scan it to the court" on April 8, 2025, but that prison staff refused to turn over his kite for seven

23

days.  Dkt. # 7 at 3–5.  And he says that on April 14, 2025, he was put in a different cell with

ORDER DISMISSING ACTION
PAGE - 1

vents that "have a huge amount of feces in them." *Id.* at 2–3.  He says that "because the smell was so overwhelming," he "became suicidal and tried to kill [himself]," which led prison staff to take his legal documents, including his amended complaint. *Id.* at 3.

Assuming the veracity of these statements, the Court has sympathy for difficulties that Plaintiff may have had in meeting the April 21, 2025 deadline for an amended complaint.  "But it is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022).  The Court is unpersuaded by Plaintiff's motion because the statement, "For the next 7 days staff refused to turn my request kite over to the law librarian," suggests that he was able to reach the law librarian before the April 21, 2025 deadline.  Dkt. # 7 at 5.  And although Plaintiff suggests that he was moved to a cell with vents already containing feces, his complaint also alleges, "I smeared feces in my cell on an almost daily basis." Dkt. # 5-1 at 14–15.  Thus, the conditions that inhibited his ability to comply with the April 21, 2025 deadline could be of his own making.  And because the Court, as ordered below, dismisses this case without prejudice, Plaintiff may nonetheless have an opportunity to ensure that his case is assessed on the merits.

(2)    Plaintiff's complaint (Dkt. 5-1) and this action are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b).

(3)    Plaintiff's application to proceed *in forma pauperis* (Dkt. 5) is DENIED as moot.

(4)    Plaintiff's motion at Dkt. # 7 is DENIED as moot.

(5)    The Clerk is directed to send copies of this Order to Plaintiff and to Judge Vaughan.

//

//

ORDER DISMISSING ACTION
PAGE - 2

DATED this 3rd day of June, 2025.


JOHN H. CHUN
United States District Judge

ORDER DISMISSING ACTION
PAGE - 3